**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KALSHI INC., | ) | |
| KALSHIEX, LLC, | ) | |
| KALSHI KLEAR, INC., | ) | |
| KALSHI KLEAR, LLC, | ) | Case No. 3:26-cv-00378-WMC |
| KALSHI TRADING, LLC, | ) | |
| ROBINHOOD MARKETS, INC., | ) | |
| ROBINHOOD DERIVATIVES, LLC, | ) | |
| ROBINHOOD SECURITIES, LLC, | ) | |
| COINBASE GLOBAL, INC., | ) | |
| COINBASE FINANCIAL MARKETS, | ) | |
| INC., and | ) | |
| DOES 1-20, | ) | |
| | | |
| Defendants. | | |

**ROBINHOOD DEFENDANTS' MOTION TO TRANSFER VENUE**
**PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ...........................................................................................................2

ARGUMENT.................................................................................................................4

I.  VENUE IS PROPER IN THE EASTERN DISTRICT OF WISCONSIN ..............4

II.  THE INTEREST OF JUSTICE STRONGLY FAVORS TRANSFER...................5

CONCLUSION..............................................................................................................7

Defendants Robinhood Markets, Inc., Robinhood Derivatives, LLC, and Robinhood Securities, LLC[1] (collectively, "Robinhood" or the "Robinhood Defendants") respectfully move to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Wisconsin, where *United States v. Wisconsin*, Case No. 2:26-cv-0749-WCG (E.D. Wis. Apr. 28, 2026) ("CFTC Action"), is currently pending before Judge William C. Griesbach. Defendants Coinbase Global, Inc., and Coinbase Financial Markets, Inc. ("Coinbase") join this Motion.

### PRELIMINARY STATEMENT

This action and the Commodity Futures Trading Commission's ("CFTC") action against the State of Wisconsin currently pending in the Eastern District of Wisconsin (the "CFTC Action") present the same fundamental legal question:  whether the Commodity Exchange Act ("CEA") preempts Wisconsin's application of its gambling laws to event contracts traded on CFTC designated contract markets ("DCM").[2]  Because these actions present the same dispositive legal question, they should be litigated before a single court.  Wisconsin agrees.  Indeed, just days ago, it moved to transfer the CFTC Action to this Court, explaining that this action "deal[s] with preemption issues similar (if not identical) to those that underlie the CFTC's case."  (Defs.' Mot. to Transfer Venue at 1-2, CFTC Action, ECF No. 9.)  Wisconsin underscored that "[i]t will be

---

[1] The parties have agreed in principle to dismiss Robinhood Securities, LLC ("RHS") from this action, as RHS is not involved in the event contracts business at issue.

[2] Wisconsin also filed separate actions against Blockratize, Inc. d/b/a Polymarket, QCX, LLC d/b/a Polymarket U.S., and QC Clearing, LLC d/b/a Polymarket Clearing ("Polymarket"); and Foris DAX Markets, Inc. and North American Derivatives Exchange, Inc. d/b/a Crypto.com | Derivatives North America ("Crypto.com").  *See Wisconsin v. Blockratize, Inc.*, No. 2026CV001285 (Wis. Cir. Ct. Dane Cnty.); *Wisconsin v. Foris DAX Mkts., Inc.*, No. 2026CV001286 (Wis. Cir. Ct. Dane Cnty.).  Those actions have also been removed but are pending separately in this Court.

simpler for everyone to litigate" this case and the CFTC Action before one court, because "requiring judges in two different districts to rule on the same complex issues raised by these cases is inefficient and runs the risk of inconsistent rulings." (*Id.* at 2, 12 (citations omitted).)

Thus, all parties agree that this case and the CFTC Action should be litigated in the same district. Because venue is proper in the Eastern District, the only question that remains for purposes of this transfer motion is whether this Court or the Eastern District is the more appropriate venue. Robinhood respectfully submits that the interest of justice weighs in favor of the Eastern District for two reasons. *First*, in the CFTC Action, the CFTC asserts its exclusive jurisdiction as a federal agency over event contracts traded on federally regulated DCMs, and the Court should give deference to the federal agency's choice of forum. *Second*, it is likely that the Eastern District will resolve this important dispute quickly. At a hearing held on May 14, 2026 in the CFTC Action, Judge Griesbach stated that he would rule on the CFTC's pending motion for a preliminary injunction promptly once fully briefed, which will be in only four weeks. (Sukiennik Decl. Ex. 1, May 14, 2026 Hr'g Tr. 13:25-14:4, 15:10-15, 16:5-8.) In this action, by contrast, no motion has been filed to date that presents the legal issue for resolution. Moreover, the Eastern District has a less congested docket than the Western District, and therefore may be able to progress these matters more quickly.

## BACKGROUND

On April 23, 2026, Wisconsin filed an action against Robinhood, Kalshi and Coinbase in Dane County Circuit Court, alleging that Defendants' offering of event contracts constitutes unlawful "bets" under Wis. Stat. § 945.01(1), and violates Wisconsin's commercial gambling statute, Wis. Stat. § 945.03(1m). (Compl. ¶¶ 79-92, ECF No. 1-4.) Wisconsin's statutory definition of "bet" provides, however, that "a bet does not include … [b]ona fide business transactions which are valid under the law of contracts including without limitation … [c]ontracts

2

for the purchase or sale at a future date of securities or other commodities." Wis. Stat. § 945.01(1)(a)(1). Event contracts, which are federally regulated futures contracts, fall within that state law statutory carveout.

Kalshi removed the action to this Court on April 24, 2026, with the consent of Robinhood and Coinbase. (Kalshi's Notice of Removal, ECF No. 1; Coinbase's Consent to Removal, ECF No. 1-2; Robinhood's Consent to Removal, ECF No. 1-3.) On May 14, 2026, Wisconsin moved to remand this action to state court. (Mot. to Remand, ECF No. 27.) [3]

On April 28, 2026, the United States and the CFTC (hereinafter, the "CFTC") filed an action in the Eastern District of Wisconsin against the State of Wisconsin. *See United States v. Wisconsin*, No. 2:26-CV-0749-WCG (E.D. Wis.). The CFTC alleges that the CEA preempts Wisconsin's gambling laws as applied to event contracts traded on CFTC-regulated DCMs. The CFTC moved for a preliminary injunction on May 1, 2026. (Pls.' Mot. for Prelim. Injunction, CFTC Action, ECF No. 6.) On May 12, 2026, Wisconsin moved to transfer the CFTC Action to this District, which the CFTC opposed. (Defs.' Mot. to Transfer, CFTC Action, ECF No. 9; Pls.' Opp. to Mot. to Transfer, CFTC Action, ECF No. 17.)

On May 14, 2026, Judge Griesbach held an initial status conference in the CFTC Action, at which he heard argument on Wisconsin's transfer motion and set a briefing schedule for the CFTC's preliminary injunction motion. Judge Griesbach indicated he would issue a single ruling on both Wisconsin's transfer motion and the CFTC's preliminary injunction motion soon after the preliminary injunction motion was fully briefed. (Sukiennik Decl. Ex. 1, May 14, 2026 Hr'g Tr.

---

[3] Polymarket and Crypto.com removed their respective actions to this Court for substantially similar reasons. Notice of Removal, *Wisconsin v. QCX, LLC*, No. 26-cv-00375 (W.D. Wis.) ("*Polymarket*"), ECF No. 1; Notice of Removal, *Wisconsin v. Foris DAX Mkts., Inc.*, No. 3:26-cv-00381 (W.D. Wis.) ("*Crypto.com*"), ECF No. 1. Wisconsin has also moved to remand those two cases. Mot. to Remand, *Polymarket*, ECF No. 15; Mot. to Remand, *Crypto.com*, ECF No. 10.

15:10-15, 16:5-8.)  Wisconsin has until June 8 to file its opposition, after which the CFTC may file a reply.  (*Id.* at 13:25-14:4, 15:10-15.)

## ARGUMENT

Section 1404(a) provides that a district court may transfer a civil action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Transfer to the Eastern District is warranted because:  (1) venue is proper in the Eastern District; and (2) the interest of justice strongly favors litigating this action together with the CFTC Action in the Eastern District.  The Court may transfer a case pursuant to 28 U.S.C. § 1404(a) before ruling on a motion to remand given that "[t]he relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy."  *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008).

## I.    VENUE IS PROPER IN THE EASTERN DISTRICT OF WISCONSIN.

In moving to transfer venue, the threshold inquiry is whether the action could have been brought originally in the proposed transferee district.  28 U.S.C. § 1404(a); *see TravelClick, Inc. v. Variant Holdings, LLC*, No. 12-CV-708-BBC, 2013 WL 12234193, at *1 (W.D. Wis. Feb. 11, 2013).  Here, this threshold requirement is satisfied because "a substantial part of the events … giving rise to the claim" occurred in the Eastern District.  28 U.S.C. § 1391(b)(2).  Wisconsin challenges event contracts traded by Wisconsin residents throughout the State (Compl. ¶ 83), which necessarily includes residents in the Eastern District, home to approximately 3.4 million Wisconsin residents, over half of Wisconsin's total population.[4]

---

[4] *See* United States District Court: Eastern District of Wisconsin, *Press Release: New Magistrate Judge* (Apr. 28, 2025) (noting Eastern District is home to approximately 3.4 million residents), https://www.wied.uscourts.gov/news/press-release-new-magistrate-judge-0;  United States Census Bureau, *Wisconsin Profile* (reporting Wisconsin's total population as 5.9 million in the 2020 Census), https://data.census.gov/profile/Wisconsin?g=040XX00US55.

4

## II.    THE INTEREST OF JUSTICE STRONGLY FAVORS TRANSFER.

Both this action and the CFTC Action turn on whether the CEA preempts Wisconsin's application of its gambling laws to event contracts traded on federally regulated DCMs. As Wisconsin itself stated, the interest of justice favors litigating these cases before a single judge, because Wisconsin's cases against Defendants here and Crypto.com and Polymarket "represent the civil enforcement efforts that [the CFTC] is challenging, and each one will involve the exact same preemption arguments that the CFTC makes." (Defs.' Mot. to Transfer Venue at 12, CFTC Action, ECF No. 9); *see Nokia Corp. v. Apple Inc.*, No. 10-CV-249-WMC, 2011 WL 13254570, at *5 (W.D. Wis. Jan. 5, 2011) ("[H]aving the same court oversee these issues provides a more efficient administration of the court system by avoiding … inconsistent judgments." (citation and quotation marks omitted)).[5] Because the actions turn on a purely legal question, the convenience-related factors (*i.e.*, access to witnesses and sources of proof) are largely immaterial. Accordingly, the proper focus is on whether the "interest of justice"—which "relates to the efficient administration of the court system"—is better served by a change of venue. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

Robinhood respectfully submits that justice is better served by transferring this action to the Eastern District. *First*, in the CFTC Action, the CFTC is asserting its exclusive regulatory authority over event contracts traded on federally regulated DCMs, and the Court should give deference to the federal agency's choice of forum. Although plaintiff's choice of forum here would

---

[5] Wisconsin may suggest that there is another related case pending before this Court, *Ho-Chunk Nation v. Kalshi, Inc.*, No. 3:25-cv-00698-WMC (W.D. Wis.). But the tribal plaintiff's operative claims in *Ho-Chunk* arise under the Indian Gaming Regulatory Act, a statute not at issue in this action or the CFTC Action. *Ho-Chunk Nation v. Kalshi, Inc.*, No. 3:25-cv-00698-WMC, 2026 WL 1284077, at *1 (W.D. Wis. May 11, 2026). And, unlike this action and the CFTC Action, *Ho-Chunk* does not address the CEA's preemptive effect on state gambling laws. *Id.* at *10; (*see also* Pls.' Opp. to Mot. to Transfer at 5, CFTC Action, ECF No. 17).

ordinarily be entitled to deference, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), this element may be discounted when transfer facilitates coordination of related cases. When "each case has a plaintiff, … one of them will necessarily be disturbed." *Rsch. Automation*, 626 F.3d at 979. Given the obvious efficiencies that would result from litigating these cases before the same court—and the complications and risk of inconsistent judgments that would result from litigating them in two different districts—these cases should proceed before the same court.

*Second*, the Eastern District is likely to resolve the core issue in these actions more quickly than the Western District. In the CFTC Action, the CFTC moved for a preliminary injunction on May 1, 2026. The motion will be fully briefed by mid-June, and Judge Griesbach has stated that he will rule on the preliminary injunction promptly. (Sukiennik Decl. Ex. 1, May 14, 2026 Hr'g Tr. 13:25-14:4, 15:10-15, 16:4-5.) By contrast, no preliminary injunction motions have been filed in this action (nor are any such motions pending in the parallel Polymarket and Crypto.com actions). Indeed, the parties have agreed to brief any preliminary injunction motion after the Court resolves Wisconsin's motion to remand (which will likely be fully briefed as of June 29);[6] thus, it is likely that it will be several months before there will be a fully briefed motion in this case that presents the preemption issue. Thus, the CFTC Action is farther advanced than this one and will see a faster decision on the core legal issue common to both actions.

Moreover, the Eastern District's docket is less congested than this Court's, which will likely result in faster resolution. *See Rsch. Automation*, 626 F.3d at 978 (explaining that "docket congestion and likely speed to trial" are part of the interest of justice inquiry). The Eastern District

---

[6] The parties have not yet agreed to a motion to remand briefing schedule in this action, but anticipate reaching a similar agreement to that reached in the Crypto.com and Polymarket actions, where defendants will have 30 days to file an opposition to the motion to remand and Wisconsin will have 14 days for its reply. *See* Joint Mot. Re: Scheduling, *Crypto.com*, ECF No. 7; Joint Mot. Re: Scheduling, *Polymarket*, ECF No. 13.

has significantly more judicial capacity to resolve this matter expeditiously:  there are only 28 motions in the Eastern District that have been pending over six months across its six judges; this Court has 102 such motions pending across only two judges.  *See* Civil Justice Reform Act Report, U.S. District Courts—Report Of Motions Pending Over Six Months (Sept. 30, 2025), https://www.uscourts.gov/sites/default/files/document/cjra_8_0930.2025.pdf,  at  1390-95, 1405-08.  Given the importance of the federal preemption issue and the ongoing uncertainty that Wisconsin's enforcement action here creates for the offering of event contracts traded on federally regulated DCMs, a speedier resolution in the Eastern District serves the interest of justice.

## CONCLUSION

For the foregoing reasons, this Court should transfer this action to the United States District Court for the Eastern District of Wisconsin.[7]

Dated this 19th day of May, 2026.

> */s/ Antony L. Ryan*
> Antony L. Ryan (*pro hac vice*)
> Kevin J. Orsini (*pro hac vice*)
> Brittany L. Sukiennik (*pro hac vice*)
> Cravath, Swaine & Moore LLP
> Two Manhattan West
> 375 Ninth Avenue
> New York, NY 10001
> Tel:   (212) 474-1000
> Email: aryan@cravath.com
> Email: korsini@cravath.com
> Email: bsukiennik@cravath.com

---

[7] Although Robinhood submits that this Court should give deference to the CFTC's choice of forum, Robinhood will withdraw this Motion if the CFTC Action is transferred to this District.

7

*/s/ Mark A. Cameli*
Mark A. Cameli
WI State Bar ID No. 1012040
Reinhart Boerner Van Deuren s.c.
1000 N Water Street, Suite 1700
Milwaukee, WI 53202
Tel:    (414) 298-8155
Email: mcameli@reinhartlaw.com

Jessica Hutson Polakowski
WI State Bar ID No. 1061368
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel:    (608) 229-2200
Email: jpolakowski@reinhartlaw.com

*Attorneys for Robinhood Markets, Inc.,
Robinhood Derivatives, LLC and Robinhood
Securities, LLC*

8