**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| STATE OF WISCONSIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| KALSHI INC., | ) |
| KALSHIEX, LLC, | ) |
| KALSHI KLEAR, INC., | )    Case No. 3:26-cv-00378-WMC |
| KALSHI KLEAR, LLC, | ) |
| KALSHI TRADING, LLC, | ) |
| ROBINHOOD MARKETS, INC., | ) |
| ROBINHOOD DERIVATIVES, LLC, | ) |
| COINBASE FINANCIAL MARKETS, | ) |
| INC., and | ) |
| DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

---

**ROBINHOOD DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER
VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

---

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT............................................................................................................2

I.     THE INTEREST OF JUSTICE STRONGLY FAVORS TRANSFER TO THE
       EASTERN DISTRICT...................................................................................2

       A.     The CFTC's Choice of Forum Is Entitled to Deference. ............................2

       B.     The Eastern District Is Likely to Reach the Merits Sooner Than the
              Western District. ..........................................................................4

CONCLUSION.........................................................................................................7

Defendants Robinhood Markets, Inc. and Robinhood Derivatives, LLC (collectively, "Robinhood") respectfully submit this reply in support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Wisconsin, where the Commodity Futures Trading Commission's ("CFTC") action against the State of Wisconsin is currently pending before Judge William C. Griesbach. *United States v. Wisconsin*, No. 2:26-CV-0749-WCG (E.D. Wis. Apr. 28, 2026) (the "CFTC Action"). Defendants Coinbase Financial Markets, Inc. ("Coinbase") and Kalshi, Inc., KalshiEX, LLC, Kalshi Klear, Inc., Kalshi Klear, LLC, and Kalshi Trading, LLC (together, "Kalshi") have joined in Robinhood's Motion and now join this Reply.

## PRELIMINARY STATEMENT

In its opposition to Robinhood's motion to transfer venue, Wisconsin concedes most of the relevant factors. Wisconsin confirms that it agrees "'this case and the CFTC Action' . . . 'should be litigated in the same district.'" (ECF No. 53 at 1 ("Opp." or "Opposition") (quoting ECF No. 41 at 4 ("Mot." or "Motion")).)[1] Wisconsin also confirms that it does not contest that the Eastern District of Wisconsin is a proper venue for this Action to proceed. (Opp. at 2 n.1.)[2] And Wisconsin does not dispute Robinhood's assertion that "[b]ecause the actions turn on a purely legal question,

---

[1] Indeed, Wisconsin moved to transfer the CFTC Action to this Court, explaining that this action "deal[s] with preemption issues similar (if not identical) to those that underlie the CFTC's case." (Wisconsin's Mot. to Transfer Venue at 1-2, CFTC Action, ECF No. 9.)

[2] While Wisconsin does not contest that venue is proper in the Eastern District, it suggests that "it is not clear" that venue may lie in the Eastern District. (Opp. at 2 n.1.) Not so. Venue is proper in the Eastern District because "a substantial part of the events . . . giving rise to the claim"—Wisconsin residents trading event contracts offered by Defendants throughout the State—occurred in the Eastern District. 28 U.S.C. § 1391(b)(2); (*see* Mot. at 4.) The fact that the case originated in a state court encompassed by the Western District does not mean that venue could only lie in the Western District. *See, e.g.*, *Total Admin. Servs. Corp. v. Pipe Fitters Union Loc. No. 120 Ins. Fund*, 131 F. Supp. 3d 841 (W.D. Wis. 2015) (transferring a removed action from the Western District of Wisconsin to the Northern District of Ohio).

the convenience-related factors (*i.e.*, access to witnesses and sources of proof) are largely immaterial." (Mot. at 5.)  Wisconsin takes issue only with a single factor—whether the "interest of justice" favors litigating this action together with the CFTC Action before this Court or before Judge Griesbach in the Eastern District.  *See* 28 U.S.C. § 1404(a) (a district court may transfer a civil action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice").

Robinhood respectfully submits that the "interest of justice" favors litigating this case in the Eastern District, alongside the CFTC Action.  *First*, as Robinhood explained in its opening brief, the CFTC's choice of forum is entitled to deference as the CFTC is the federal agency with exclusive jurisdiction over event contracts traded on federally regulated designated contract markets ("DCM").  In its Opposition, Wisconsin asserts that the few days' head start it had over the CFTC Action trumps the deference owed to the CFTC's choice of forum, but this is wrong.  *Second*, transfer will facilitate judicial economy and the speedy resolution of this dispute because the Eastern District's docket is less congested.  To this, Wisconsin has no response.  Wisconsin does not meaningfully dispute that the CFTC Action is further along than this action and likely to reach the merits sooner; indeed, the CFTC's motion for preliminary injunction will be fully briefed in the Eastern District on June 22, before Wisconsin's motion to remand and motion for preliminary injunction are fully briefed in this Action.

## ARGUMENT

### I.    THE INTEREST OF JUSTICE STRONGLY FAVORS TRANSFER TO THE EASTERN DISTRICT.

#### A.    The CFTC's Choice of Forum Is Entitled to Deference.

Wisconsin argues that Robinhood never explains "why the CFTC's case should be given priority over the State's."  (Opp. at 4.)  That is wrong.  As an initial matter, where, as here, there

are actions filed in different venues that all parties agree should be transferred and consolidated before a single court, "one [plaintiff's initial choice of forum] will necessarily be disturbed." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010). As Robinhood explained, the CFTC's choice of forum should be entitled to greater weight because the CFTC, a federal government agency, is asserting critical federal interests. (*See* Mot. at 5-6.) The federal government should have "access to its forum of choice" when it is "asserting its rights against a state." *United States v. Morros*, 268 F.3d 695, 708-09 (9th Cir. 2001) (explaining, in the analogous context of *Younger* abstention, the importance of ensuring the federal government has access to its chosen forum to decide a preemption issue). As Wisconsin concedes, its action against Defendants here and in parallel actions against Crypto.com and Polymarket "represent the civil enforcement efforts that [the CFTC] is challenging, and each one will involve the exact same preemption arguments that the CFTC makes." (Wisconsin's Mot. to Transfer Venue at 12, CFTC Action, ECF No. 9.) The viability of the claims in this action necessarily depends on the resolution of the same core preemption issue raised in the CFTC Action. Like the federal government in *Morros*, the CFTC is a federal agency "asserting its rights against a state" to stop Wisconsin from applying preempted state laws against offerors of event contracts in violation of the CFTC's exclusive jurisdiction over event contracts traded on federally regulated DCMs. 268 F.3d at 708-09. The CFTC's choice of forum is therefore entitled to deference.

It is no answer that "the State filed its complaints first." (Opp. at 4.) The Seventh Circuit has expressly stated that it "does not rigidly adhere to a first-to-file rule," and "the statutory language" of Section 1404(a) "provides the ultimate touchstone." *Rsch. Automation*, 626 F.3d at 980, 982; *see also id.* at 977 ("conclud[ing] that the filing order is only one factor among many and in this case was not entitled to control the district court's evaluation"). The mere *four days*

between the filing of the State's enforcement actions and the CFTC Action does not flip the balance in favor of the State—especially given how quickly the CFTC Action has progressed relative to the State's enforcement actions. (*See infra* Part I.B; Opp. at 3 (acknowledging the CFTC filed its action "[l]ess than a week after the State filed").)

If anything, the filing sequence supports deferring to the CFTC's choice of venue. The CFTC filed suit *because* Wisconsin brought an enforcement action against Defendants, which was properly removed to federal court. The CFTC's suit is a direct federal response to Wisconsin's overreach and an effort to protect its exclusive jurisdiction from the State's attempts to enforce preempted state laws. Wisconsin should not be permitted to manufacture preference for its chosen venue by racing to enforce preempted state law without notice, then invoking its own head start to deprive a federal agency of its chosen forum.

### B.    The Eastern District Is Likely to Reach the Merits Sooner Than the Western District.

The "interest of justice" requires consideration of when each court is likely to adjudicate the merits of the parties' dispute. *See Rsch. Automation*, 626 F.3d at 978 (explaining that "docket congestion and likely speed to trial" are part of the "interest of justice" inquiry). The Eastern District is poised to reach the merits more quickly for two reasons.

*First*, the CFTC Action is farther advanced than this action and likely will see a faster decision on the core legal issue common to both actions. (*See* Mot. at 6.) As this Court is well aware, the parties in the instant action are in the midst of briefing disputes about threshold issues, including whether this Court has jurisdiction over the action, and the motion to remand will be fully briefed on June 29, 2026. By contrast, the CFTC Action is not burdened by these preliminary jurisdictional skirmishes, as there is no dispute as to whether the CFTC Action properly belongs in federal court. As a result, the briefing on the CFTC's motion for a preliminary injunction has

4

been proceeding apace and will be fully briefed by June 22, 2026. In contrast, the State did not move for a preliminary injunction before this court until June 9, 2026, weeks after the CFTC filed its motion for a preliminary injunction, and over a month after the State first filed the Complaint against Defendants.

Wisconsin responds that it has filed a motion to dismiss in the Eastern District, which may delay or altogether preclude adjudication of the CFTC's preliminary injunction motion. (*See* Opp. at 4-5 ("[T]he State has moved to dismiss the CFTC's case for lack of standing, and so Judge Griesbach might never reach the merits [of the main federal preemption issue].").) This is pure speculation, and it is undermined by Judge Griesbach's guidance to the parties in the CFTC Action. Although the Court in this action has not yet had an opportunity to hold an initial status conference with the parties, Judge Griesbach held a conference on May 14, 2026, at which he advised the parties that he will rule on the preliminary injunction motion promptly, alongside the pending motion to transfer the CFTC Action, which was already fully briefed weeks ago. (ECF No. 43-1 at 13:25-14:4, 15:10-15, 16:4-5.)[3] Moreover, the only federal court to address the CFTC's standing to bring suit to enjoin states from enforcing preempted state law against the offering of event contracts on federally regulated DCMs readily found that the CFTC has standing, suggesting that Wisconsin's assertion that the Eastern District may not reach the merits of the preemption claim (Opp. at 4-5) is highly improbable. *See KalshiEX LLC v. Johnson et al.*, No. 2:26-cv-01715-PHX-MTL, 2026 WL 1223373, at *3 (D. Ariz. May 5, 2026) (explaining that the federal government's authority to sue to protect its interests "extends to suits seeking to enjoin the enforcement of preempted state law"). Additionally, Wisconsin suggests that this Court should

---

[3] Wisconsin's speculation that the court "might never reach the merits" in the CFTC Action (Opp. at 5) is equally true of this Court. Indeed, Wisconsin admits that "this Court might not reach the preemption merits either" given Wisconsin's pending motion to remand. (*Id.*)

consider Defendants' motion to transfer only *after* the Eastern District decides Wisconsin's motion to dismiss, which is set to be fully briefed on July 6, 2026.  If, however, the Court were to delay decision on this motion to transfer until after Wisconsin's motion to dismiss is decided in the Eastern District, that would only exacerbate how much further advanced the CFTC Action is vis-à-vis this action.

*Second*, factors external to the progress of these specific cases also indicate that the CFTC Action will see a faster decision on the merits.  (*See* Mot. at 6-7.)  The Eastern District's docket is less congested than the Western District's—a fact that Wisconsin does not (and cannot) contest.  Indeed, there are only 28 motions in the Eastern District that have been pending over six months across its six judges, or 4.7 motions on average per judge, compared to 102 such motions in this District pending across two judges, or 51 motions on average per judge.  (*See* ECF No. 41 at 7 (citing Civil Justice Reform Act Report, U.S. District Courts—Report Of Motions Pending Over Six Months (Sept. 30, 2025), https://www.uscourts.gov/sites/default/files/document/cjra_8_0930.2025.pdf, at 1390-95, 1405-08).)  This substantial difference in pending motions per judge counsels in favor of transfer, as a speedier resolution of the federal preemption issue will better serve the interest of justice.  Wisconsin seeks to frustrate the interest of justice by deciding to bring this lawsuit—which causes substantial, ongoing harm to Defendants—only to push for a venue that will necessarily slow the resolution of the outcome-determinative issue.[4]

---

[4] Wisconsin asks the Court, without citation to any authority, to decide its motion to remand before Robinhood's motion to transfer.  (Opp. at 5.)  The Seventh Circuit recognizes, however, that "[t]he relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy." *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008).  Thus, the Court may decide Robinhood's motion to transfer venue without reaching Wisconsin's motion to remand, which would be a matter for the transferee court to decide.

**CONCLUSION**

For the reasons set forth here and in the Motion, Robinhood respectfully requests that this

Court transfer this action to the United States District Court for the Eastern District of Wisconsin.

Dated this 10th day of June, 2026.

/s/ Antony L. Ryan
Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Brittany L. Sukiennik (*pro hac vice*)
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel:    (212) 474-1000
Email: aryan@cravath.com
Email: korsini@cravath.com
Email: bsukiennik@cravath.com

/s/ Mark A. Cameli
Mark A. Cameli
WI State Bar ID No. 1012040
Reinhart Boerner Van Deuren s.c.
1000 N Water Street, Suite 1700
Milwaukee, WI 53202
Tel:    (414) 298-8155
Email: mcameli@reinhartlaw.com

Jessica Hutson Polakowski
WI State Bar ID No. 1061368
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel:    (608) 229-2200
Email: jpolakowski@reinhartlaw.com

*Attorneys for Robinhood Markets, Inc., and*
*Robinhood Derivatives, LLC*

7